Filed 1/15/26  Sepulveda v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JESUS SEPULVEDA,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>  Respondent;<br><br>THE PEOPLE,<br><br>  Real Party in Interest. | G064444<br><br>(Super. Ct. Nos. M-21345 & 12NF0846)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Petition granted.

Lindsey M. Ball, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Todd Spitzer, Orange County District Attorney, and Holly M. Woesner, Deputy District Attorney, for Real Party in Interest.

\*　　　\*　　　\*

In this writ proceeding, petitioner Jesus Sepulveda challenges the summary denial of his request for discovery under the California Racial Justice Act of 2020 (RJA or the Act). (Pen. Code, § 745.)[1] Sepulveda made the request in conjunction with a petition for a writ of habeas corpus, but the trial court ruled RJA discovery is not permitted in that context unless the petitioner first makes a prima facie showing for habeas relief. Because Sepulveda did not make such a showing, the court summarily denied his discovery request without addressing its merits.

While Sepulveda's challenge to that ruling was pending in this court, the Legislature enacted Assembly Bill No. 1071, which became effective January 1, 2026. (See Stats. 2025–2026, ch. 721 (Assembly Bill 1071).) Designed to expand access to RJA discovery, Assembly Bill 1071 allows defendants to seek such discovery when they file a petition for writ of habeas corpus, *or in preparation of filing such a petition.* Because Assembly Bill 1071 does not condition access to RJA discovery on a prima facie showing for habeas relief, we grant Sepulveda's petition for a writ of mandate. As requested by Sepulveda, we direct the trial court to vacate its order summarily denying his request for discovery and remand for the court to consider the merits of that request.

---

[1] All further statutory references are to the Penal Code.

2

PROCEDURAL BACKGROUND

In 2014, Sepulveda was sentenced to life in prison without parole after a jury found him guilty of special circumstances murder. The judgment was affirmed on appeal and has long since been final. (See *People v. Sepulveda* (Dec. 12, 2016, G051109) [nonpub. opn.].)

In 2024, Sepulveda filed an in propria persona petition for a writ of habeas corpus in the trial court, alleging he had been subjected to discriminatory policing and charging practices in violation of the RJA. (§ 745, subds. (a)(1) & (3).) In conjunction with the petition, Sepulveda also requested discovery pursuant to the RJA.

The trial court denied the petition on procedural grounds, citing the fact Sepulveda had an appeal pending in this court on his petition for resentencing under section 1172.6. Therefore, the court did not address the merits of Sepulveda's RJA claim.

In addition, the trial court summarily denied Sepulveda's discovery request. Although the court recognized the RJA allows a defendant to request the disclosure of evidence relevant to a potential violation of the Act, the court ruled that right "only applies to pending criminal proceedings in nonfinal judgments. Once a criminal prosecution has concluded and there are no other pending judicial proceedings, there are no pending proceedings to which [an RJA] discovery motion may attach."

In that regard, the trial court determined a habeas petition does not constitute a pending proceeding unless it leads to the issuance of an order to show cause. Because Sepulveda's habeas petition did not trigger such an order, the court found it lacked jurisdiction to consider his "free-standing motion for post-conviction discovery."

3

Sepulveda then filed a petition for a writ of mandate in this court. We issued an alternative writ directing the trial court to vacate its discovery order or show cause why a peremptory writ of mandate should not issue. After the court declined to vacate its order, the People filed a return to the alternative writ, and Sepulveda filed a reply. In response to our request, the parties also submitted letter briefs addressing the effect of Assembly Bill 1071 on this proceeding.

DISCUSSION

The RJA was enacted in 2020 "with a stated aim 'to eliminate racial bias from California's criminal justice system' and 'to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing.' [Citation.] To that end, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin." (*People v. Wilson* (2024) 16 Cal.5th 874, 944–945.)

Under the RJA, an incarcerated defendant whose judgment is final may bring a claim for relief under the Act by filing a petition for writ of habeas corpus. (§ 745, subd. (b).) He or she may also "file a motion requesting disclosure . . . of all evidence relevant to a potential violation of [the RJA] in the possession or control of the state." (*Id.*, subd. (d).) "Upon a showing of good cause, the court shall order the records to be released." (*Ibid.*)

Prior to the passage of Assembly Bill 1071, the Courts of Appeal had issued conflicting opinions on whether a habeas petitioner could obtain discovery to pursue an RJA claim before making a prima facie case for relief. (Compare *In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted Dec. 11, 2024, S287339 [concluding discovery is not permitted in that situation] with *People v. Serrano* (2024) 106 Cal.App.5th 276, review granted

4

Jan. 15, 2025, S288202 [holding contra].) The California Supreme Court granted review in those cases and was poised to resolve the issue, but it dismissed review after Assembly Bill 1071 was signed into law. (*Montgomery on H.C.* (Dec. 30, 2025, S287339) 2025 WL 3770124; *People v. Serrano* (Dec. 30, 2025, S288202) 2025 WL 3770843.) The dismissals were without prejudice to the defendants in those cases filing any new discovery requests under the RJA, as amended by the new law. (*Ibid.*)

Assembly Bill 1071 was enacted to "clarif[y] the RJA's procedures to assure its meaningful implementation." (Assem. Bill 1071, ch. 721, § 1, subd. (a).) On the issue of discovery, the Legislature declared "individuals must be afforded access to a broad range of relevant discovery to develop and support their *potential* RJA claims. Otherwise, they are left in the impossible position of having their claims rejected for want of the very data they seek. This is antithetical to the RJA." (Assem. Bill 1071, ch. 721, § 1, subd. (b), italics added.)

To facilitate this goal, Assembly Bill 1071 allows defendants to file a motion for relevant evidence under the RJA upon filing a petition for a writ of habeas corpus, or "in preparation to file" such a petition. (Assem. Bill 1071, ch. 721, § 3, adding section 1473, subd. (e)(2).) The quoted phrase resolves the jurisdictional issue presented in this writ proceeding. Consistent with the Legislature's stated intent, the phrase clearly gives trial courts the authority to consider a defendant's claim for discovery under the RJA even if, as in this case, he does not make a prima facie showing for relief in his petition for writ of habeas corpus.

As the parties recognize, that does not mean Sepulveda's current petition is moot. Rather, it simply means he prevails on the jurisdictional issue presented in this proceeding. (See *Save Our Capitol! v. Department of*

*General Services* (2024) 105 Cal.App.5th 828, 834.) We therefore grant his petition for relief and remand for further proceedings.

DISPOSITION

Sepulveda's petition for a writ of mandate is granted. On remand, the trial court is directed to vacate its order denying Sepulveda's request for discovery and to consider the request on its merits.

GOODING, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

MOORE, J.